The PEOPLE of the State of Colorado, Complainant,

v.

Donald C. HANNEMAN, Attorney–Respondent.

No. 88SA463.

Supreme Court of Colorado, En Banc.

Feb. 6, 1989.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

Donald A. Klene, Denver, for attorney-respondent.

VOLLACK, Justice.

In this disciplinary proceeding, the attorney-respondent and the disciplinary prosecutor entered into a Stipulation, Agreement, and Conditional Admission of Misconduct. The Colorado Supreme Court Grievance Committee recommended disbarment of the respondent, Donald C. Hanneman, based on his professional misconduct in his actions concerning the estate of Ada Schreiner. The grievance committee concluded that the respondent's conduct violated DR 1–102(A)(4) and (A)(6). An inquiry panel of the grievance committee approved

---

the stipulation. We accept the stipulation and order that the respondent be disbarred and that he be ordered to pay restitution to the estate of Ada Schreiner in the amount of $70,602.76.

## I.

Donald C. Hanneman was admitted to the bar of this court in October 6, 1961 and is registered as an attorney on the records of this court. At all pertinent times, he was licensed to practice law in Colorado. He is, therefore, subject to the jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.1(b), 7A C.R. S. (1988 Supp.).

According to the stipulation, the respondent prepared a will for Ada Schreiner, who died on May 15, 1986. Schreiner's will named Frederick Kurtz as personal representative of her estate and named Schreiner's two granddaughters as beneficiaries. In June 1986 the respondent filed an Application for Informal Probate of Will in Arapahoe County District Court. An estate was opened, Kurtz was appointed as personal representative, and the respondent, acting as Kurtz' attorney, counseled him in administration of the estate.

Rather than opening a new bank account, Kurtz and the respondent maintained the decedent's bank accounts. Over a period of time, the respondent repeatedly requested that Kurtz withdraw funds to be delivered to him, supposedly for estate purposes. Kurtz complied and the respondent eventually received a total of $74,809.76, which he used for personal purposes which were unrelated to Schreiner's estate. The beneficiaries of the will retained another attorney for the purpose of removing Kurtz as the personal representative.

The respondent billed $6,707.00 for services performed regarding Schreiner's estate and is entitled to an offset in that amount against the funds taken from the estate. Because no repayment has been made by the respondent, the net amount he misappropriated is $68,102.76. In addition, the beneficiaries expended $2,500.00 in attorney fees because of the respondent's misappropriation.

The parties agree that the respondent's misappropriation amounts to dishonesty in violation of DR 1–102(A)(4),[1] and adversely reflects on his fitness to practice law in violation of DR 1–102(A)(6).[2] As an aggravating factor, the respondent was the subject of a private censure by this court in March 1985. In mitigation, the respondent asserted severe financial problems experienced by him from 1982 through 1986.

The parties to the stipulation recommended disbarment as the appropriate discipline. The inquiry panel approved the stipulation and we agree with the grievance committee's recommendation. The respondent, Donald C. Hanneman, is disbarred and his name is ordered stricken from the roll of attorneys licensed to practice before this court. The respondent is directed to comply with the requirements of C.R.C.P. 241.21, specifying certain action to be taken after disbarment. The respondent is ordered to pay restitution in the amount of $70,602.76 plus interest at the statutory rate from the date of this order, to the estate of Ada Schreiner or to her beneficiaries if the estate has been closed. It is further ordered that the respondent shall not be readmitted to the bar of this state until he has made restitution as ordered. The respondent's readmission is further conditioned upon full compliance with C.R.C.P. 241.22(a).

---

1. DR 1–102(A)(4) states that a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

2. DR 1–102(A)(6) states that a lawyer shall not "[e]ngage in any other conduct that adversely reflects on his fitness to practice law."